STATE ex rel. OKLAHOMA BAR ASSOCIATION v. STEAD

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. STEAD

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

STATE ex rel. OKLAHOMA BAR ASSOCIATION v. STEAD2022 OK 27Case Number: SCBD-7194Decided: 03/21/2022THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 27, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
ROBIN GAY STEAD, Respondent.

ORDER APPROVING RESIGNATION

¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (OBA) has presented the Court with an application to approve the resignation of Robin Gay Stead (Respondent) from membership in the OBA. Respondent, OBA No. 11530, was admitted to membership on October 16, 1985. Her official roster address as shown by the OBA is P.O. Box 927, 107 S.E. 48th Street, Noble, Oklahoma, 73068-8440. Respondent's post office box is expired; her current physical address is 107 S.E. 48th Street, Noble, Oklahoma, 73068-8440.

¶2 On December 30, 2021, the OBA filed a verified complaint and application for an emergency suspension. On January 18, 2022, this Court issued an interim order suspending Respondent during the pendency of the above-styled disciplinary proceeding. On January 28, 2022, Respondent tendered her Affidavit of Resignation Pending Disciplinary Proceedings pursuant to Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, https://govt.westlaw.com/okjc. In her affidavit, Respondent voluntarily relinquished her right to practice law, and further requested that this Court approve her resignation from membership in the OBA. Respondent further stated she is aware the OBA has investigated specific allegations of misconduct as set forth in more detail herein. Complainant filed its Application for Order Approving Resignation Pending Disciplinary Proceedings on January 28, 2022.

Cole Grievance

¶3 James Paul Cole alleges Respondent failed to communicate with him and abandoned a probate proceeding for which she was hired to initiate and complete. On August 31, 2015, Respondent filed a probate seeking the appointment of Carole Cole-Frowe as personal representative for the Estate of Kathleen Franke Cole. Respondent performed initial tasks on the probate; however, after February 2016, Respondent filed no additional pleadings necessary to complete the case. Carole Cole-Frowe died on February 25, 2020. Respondent met with Cole-Frowe's surviving spouse and two heirs to execute documents seeking the replacement of Cole-Frowe as personal representative. Respondent presented documents designed to name Robert Frowe as successor personal representative. After having Mr. Frowe and the heirs execute certain pleadings, Respondent never filed the same in the probate case. For the next five (5) months, Respondent wholly failed to communicate with any of the parties despite their repeated attempts to reach her by telephone, text, and email. Respondent also failed to take any further action in closing the estate.

¶4 According to the OBA's application, James Paul Cole filed a grievance with the OBA alleging Respondent's failure to communicate and her abandonment of the aforementioned probate. The OBA undertook various measures to obtain Respondent's cooperation and response to the Cole grievance. After failing to secure Respondent's cooperation, the OBA finally took the step of serving Respondent with a subpoena duces tecum. The subpoena commanded Respondent's appearance, sworn testimony, and production of certain records on January 21, 2021. Respondent disregarded the subpoena and failed to appear as directed. Finally, on June 22, 2021, an OBA investigator located Respondent at the Cleveland County Courthouse and hand-delivered copies of the Cole grievance, as well as a new, second grievance (See infra Young Grievance). The investigator advised Respondent that her written response to the two (2) grievances was due by July 23, 2021. Nevertheless, Respondent failed to respond to either grievance by the required date.

¶5 On July 23, 2021, the OBA investigator emailed Respondent and advised that her responses to the two grievances had not been received and that a letter, stating that her responses were due within five (5) business days, had been mailed to her official roster address; a copy of this letter was attached to the email. Respondent responded to the email on August 2, 2021, but did not provide a written response to either grievance. Respondent finally emailed a response to the Cole grievance to the OBA on August 9, 2021. In this response, Respondent advised that she decided to temporarily "stop practicing law on 15 March 2020" due to Covid-19 and other health conditions. The OBA met with Respondent on October 26, 2021, to discuss her pending grievances. During that meeting, Respondent admitted she ceased practicing law in March 2020. Respondent further admitted she did not communicate with the Coles or Frowe to advise them of her decision to stop practicing. Respondent made no effort to withdraw from the probate.

Young Grievance

¶6 John M. Young alleged that Respondent failed to account for and deliver settlement proceeds of $87,500.00 as ordered by the Lincoln County District Court. In 2013, Respondent represented Ulrich Young, a co-trustee and beneficiary of the Glenn O. Young Testamentary Trust, in a condemnation proceeding involving certain Trust property. Respondent negotiated a settlement of the matter for the sum of $210,000.00. Ulrich Young received a settlement check of $122,500.00 and Respondent received a second settlement check for the remaining $87,500.00. The $87,500.00 check was made payable to, "Robin Stead, FBO Ulrich Young, Trustee of the Glenn O. Young Testamentary Trust." On September 3, 2013, Respondent deposited the $87,500.00 settlement check into her client trust account. Respondent claimed an interest in the $87,500.00, but acknowledged that the trust was entitled to the remainder of those monies less an attorney fee. The Trustees claimed that the $87,500.00 belonged to the Trust, as Ulrich Young had already paid Respondent a total of $18,454.24 for her attorney fees.

¶7 Despite numerous demands for Respondent to submit a fee statement which could be presented to the Trustees for their approval, Respondent failed to provide one. John M. Young and his attorney left several telephone messages requesting that Respondent return his call but she did not do so. On March 16, 2020, John M. Young, on behalf of the Trust, filed a Motion to Transfer Condemnation Payment of $87,500.00 in Young v. Young, Lincoln County Case No. CV-2017-47. A hearing on the motion was scheduled for August 10, 2020. Although Respondent received notice of the hearing, she failed to appear, produce the disputed funds, or file a responsive pleading. The district court sustained the motion and ordered Respondent to transfer the settlement funds or respond to the court's orders within thirty days. Respondent did not transfer the funds or respond to the court's orders as directed. After ignoring the court orders, failing to appear, and refusing to tender the $87,500.00 to the Trust, John M. Young filed a grievance with the OBA.

¶8 The OBA received the Young grievance on May 20, 2021. The OBA mailed Respondent a copy of Young's grievance to her official roster address on June 10, 2021. This notification informed Respondent that the Young matter was being opened for formal investigation and requested a written response within twenty days. Respondent wholly failed to respond as required. As noted previously, an OBA investigator located Respondent at the Cleveland County Courthouse and provided her with a copy of the Young grievance. Respondent was informed that her written responses to the two grievances were due by July 23, 2021. Respondent wholly failed to answer either grievance by the required date. Respondent finally provided a written response to John M. Young's grievance on August 4, 2021, wherein she acknowledged she had not replied to his calls, emails, or letters because there was a dispute over the settlement fees and the services she had provided. Further, Respondent admitted settlement funds had been deposited into her trust account in September of 2013, and assured the OBA, "I don't have any intention of keeping my client, Ulrich Young's funds." Once we reach an agreement on attorney fees, I will pay him the agreed upon amount."

¶9 The OBA met with Respondent at the Oklahoma Bar Association on October 26, 2021, to discuss her pending grievances. When asked about the Trust settlement funds, Respondent admitted that the entirety of the settlement funds had not remained in her trust account and confessed she had electronically transferred approximately $50,000.00 from her trust account into a personal account for the last few years. Respondent claimed the money removed from her trust account was earned by legal work she performed for Ulrich. Respondent admitted, however, there was neither a contract with Ulrich nor any documentation giving her authority to take additional attorney fees from the settlement funds entrusted to her. Respondent further admitted she had not billed Ulrich for the additional work. On November 3, 2021, Respondent left a voice message wherein she stated she wanted to "turn over" the remaining funds in her trust account to the OBA or "wherever it's appropriate for me to turn over the funds." Thus, on November 5, 2021, Respondent agreed to follow the recommendation of the OBA to tender the funds to the Lincoln Country District Court since it had jurisdiction over the Trust and the competing claims and interest in settlement proceeds. Respondent also advised that she was considering resigning pending disciplinary proceedings and asked if he OBA would draft an affidavit of resignation pending disciplinary proceedings for her review. Subsequently, Respondent ceased all communication with the OBA and failed to tender the remaining settlement funds as ordered.

Decision of the Court

¶10 THE COURT FINDS:

A. Respondent has submitted her voluntary resignation from the OBA by complying with Rule 8.1 and Rule 8.2 of the RGDP. Respondent's affidavit of resignation reflects that i) it was freely and voluntarily rendered; ii) she was not subject to coercion or duress; and iii) she was fully aware of the consequences of submitting her resignation. Respondent intends the effective date of her resignation to be the date and time of the execution of her affidavit of resignation.

B. Respondent states in her affidavit of resignation that she is aware that the allegations, if proven, would be a violation of Rules 1.1, 1.3, 1.4, 1.15, 1.16(d), and 8.4(a), 8.4(b), and 8.4(d) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2021, ch. 1, app. 3-A, https://govt.westlaw.com/okjc, and Rule 1.3, RGDP, and her oath as an attorney.

C. Respondent waives any and all rights to contest the allegations.

D. Respondent is aware that pursuant to Rule 8.2 of the RGDP, either the approval or disapproval of her resignation is within the discretion of the Supreme Court of Oklahoma.

E. Respondent has agreed to comply with all provisions of Rule 9.1 of the RGDP within twenty (20) days following the date of her resignation.

F. Respondent acknowledges and agrees that she may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 of the RGDP, and that she may make no application for reinstatement prior to the expiration of five (5) years from the effective date of this Order.

G. Respondent acknowledges that as a result of her conduct, the Client Security Fund may receive claims from her former clients. She agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, she will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

H. Respondent affirms that she will either tender her OBA membership card to the Office of the General Counsel or destroy it.

I. Respondent acknowledges and agrees to cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed by Respondent.

J. Respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1 of the RGDP and is approved.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that this Court approves Robin Gay Stead's resignation pending discipline. The Court further orders Robin Gay Stead's name to be stricken from the Oklahoma roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Respondent may not submit an application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1 of the RGDP, Respondent is directed to notify all of her clients, if any, having legal business pending with her within twenty (20) days, by certified mail, of her inability to represent them and of the necessity to promptly retain new counsel. Finally, the Court sustains the OBA's Application to Assess Costs against the Respondent. Respondent shall pay costs of $611.45 to the OBA within twenty (20) days of the date of this order.

DONE BY ORDER OF THE SUPREME COURT THIS 21st DAY OF MARCH, 2022.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

None Found.

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA